FRANCES BUCOSSI AND VICTOR BUCOSSI, PLAINTIFFS-RESPONDENTS, v. PETER MARROCCO, TRADING AS PETER MARROCCO & SON, DEFENDANT-APPELLANT, AND EDDIE MADANA, DEFENDANT.

Argued January 21, 1936—Decided July 22, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *William V. Rosenkrans.*

For the respondents, *Sydney Schwartz* (*Winfield S. Angleman,* of counsel).

The opinion of the court was delivered by

HEHER, J. This is an action in tort for negligence. Appellant, Marrocco, an undertaker engaged to conduct a funeral in the city of Paterson on March 10th, 1934, hired an automobile from the defendant, Madana, for the use of mourners who wished to join the funeral procession. On the return trip from the cemetery, Madana, the operator, following a course of his own choosing, lost control of the vehicle on an ice-covered roadway, and, in consequence thereof, the respondent Frances, one of the mourners therein, suffered personal injuries. Her husband, Victor, sued *per quod.* The jury returned a verdict awarding damages to respondents "against Peter Marrocco & Son," and of "no cause of action" as to Madana.

The gravamen of the cause of action pleaded against Marrocco was negligence in "hiring an incompetent operator whose car was not in a safe condition and having the plaintiff Frances Bucossi ride in said car," while Madana was charged with negligence in "driving his car at a great rate of speed on the wrong side of the street without proper brakes and without having the same under proper control, so that it ran off of the road and struck a tree."

The issues submitted to the jury, by the instructions, were the alleged negligence of Madana in the operation of the automobile, and Marrocco's asserted failure "to exercise reasonable care in the selection of a competent contractor, * * * in engaging a man like Eddie Madana to operate this automobile." This apparently inconsistent verdict cannot therefore be reconciled as a finding of due care by Madana and the use by Marrocco of a vehicle in an "unsafe condition" (one of the pleaded theories of negligence), such condition being unknown to Madana.

However, we need not pursue this inquiry. As pointed out, the gist of the pleaded cause of action in respect of Marrocco was his alleged failure to exercise reasonable care in the selection of a competent contractor, particularly in appointing him for the work in question knowing that the vehicle was "not in a safe condition." But there was no evidence tending to establish that Marrocco was not a skilled and competent contractor for the work thus assigned to him, or that his automobile was mechanically defective. In fact, proofs were introduced by the defense that the brakes of the automobile, a Cadillac sedan, were in good condition, and that it was otherwise mechanically sound. It results that there was error in the denial of the motions to nonsuit and to direct a verdict.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion; costs to abide the event.